IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RICHARD FRANK GONZALEZ                                                                    PLAINTIFF

vs.                                          Civil No. 6:14-cv-06070

CAROLYN W. COLVIN                                                                          DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Richard Frank Gonzalez ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his disability applications on March 9, 2011.  (Tr. 21).  In his applications, Plaintiff alleges being disabled due to knee injuries, a back injury, depression, a stroke, and a heart condition.  (Tr. 220).  Plaintiff alleges an onset date of April 2, 2009.  (Tr. 21).  These applications were denied initially and again upon reconsideration.  (Tr. 77-80).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __." The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on his denied applications, and this hearing request was granted. (Tr. 45-76). On December 11, 2012, the ALJ held this administrative hearing. *Id.* This hearing was held in Hot Springs, Arkansas. *Id.* Plaintiff was present and was represented by Hans Pullen at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Elizabeth Clem testified at this hearing. *Id.* At the time of this hearing, Plaintiff testified he was forty-three (43) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 51). As far as his education, Plaintiff also testified he had obtained his GED. (Tr. 53).

After this hearing, on February 26, 2013, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 18-39). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2011. (Tr. 23, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 2, 2009, his alleged onset date. (Tr. 23, Finding 2). The ALJ determined Plaintiff had the following severe impairments: central vascular accident ("CVA") with residuals for right sided weakness, back and spine disorder, "dysfunctional joint," ankle and knee problems, loss of visual acuity, hearing loss without cochlear implant, and a renal impairment. (Tr. 23-24, Finding 3). However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 24-27, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 27-37, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained

the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform work at the light exertional level as defined in 20 CFR 404.1567(b) and 416.967(b); however, the work is reduced by these additional limitations: He can occasionally climb stairs; never climb ladders, he can occasionally balance, stoop, kneel, crouch, and crawl. He can use the right dominant arm, but only occasionally for overhead reaching, pushing, and pulling. He can use the left leg, but only occasionally for pushing and pulling. He can perform no greater than unskilled work, defined as being able to understand, retain, and carry out simple instructions; make simple work-related decision; perform work where the complexity of a task is learned and performed by rote, with few variables, and with little judgment; work in an environment with few, if any work place changes; perform work where interpersonal contact is incidental to the work performed; and, work where supervision is simple, direct, and concrete. He can see, but must avoid jobs requiring excellent vision due to problems with peripheral vision on the left side. He can hear, but must avoid jobs that require excellent hearing; he can hear moderate or office level noise with a hearing aide on the left and does not need a hearing aide on the right side. He must avoid extreme cold, extreme heat, and hazards such as moving machinery or unprotected heights.

*Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW he could perform. (Tr. 37, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 38, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Considering his age, education, work experience, and RFC, the ALJ determined Plaintiff retained the capacity to perform the following representative occupation: janitorial work (unskilled, light) with 4,500 such jobs in Arkansas and 500,000 such jobs in the national economy. (Tr. 38). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from April 2, 2009 through the date of the ALJ's decision or through February 26, 2013. (Tr. 38, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 16). On February 26, 2014, the Appeals Council denied this request for review. (Tr. 1-3). Plaintiff then filed the present appeal on May 22, 2014. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 22, 2014. ECF No. 5. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In his appeal brief, Plaintiff raises the following three arguments for reversal: (1) the ALJ erred by failing to consider his impairments as a whole; (2) the ALJ erred in considering Listing 1.02; and (3) the ALJ erred by failing to consider his inability to afford treatment. ECF No. 10.

Because the ALJ improperly evaluated his subjective complaints, the Court will only address Plaintiff's first argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]."  *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski.*  (Tr. 27-37). Instead of complying with its requirements, the ALJ did what is specifically prohibited by *Polaski* and discounted Plaintiff's subjective complaints because they were not supported by the objective medical records:

> Despite his subjective complaints, including pain, the *objective medical evidence, especially when viewed longitudinally, simply does not support the claimant's allegations as to the severity of limitations alleged*.  The claimant has impairments that cause significant limitations in his ability to perform basic work activities. However, his combination produces symptoms that are not disabling and are supportive of the aforementioned residual functional capacity analysis.

(Tr. 37) (emphasis added).  The ALJ's decision to discount Plaintiff's subjective complaints *for the sole stated reason* that they were not supported by his objective medical records is entirely improper under *Polaski*.  *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]").  Accordingly, because the ALJ provided no valid reasons for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3]  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 15th day of April 2015.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*.  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.

8